# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————

JOSHUA JOHNSON,

               Plaintiff.

v.

CASHMAN DREDGING &
MARINE CONTRACTING
CO., LLC

               Defendant.

———————————————————

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

Docket No.: 1:23-cv-11870

## Joshua Johnson's Original Complaint - Jury Requested

Joshua Johnson, Plaintiff, files this original complaint against Cashman Dredging and Marine Contracting, LLC.

### Parties

1.     Joshua Johnson is a resident of the State of Rhode Island.

2.     Cashman Dredging and Marine Contracting Co., LLC is an incorporated company operating the vessel upon which Plaintiff was injured, name currently unknown, and can be served by serving its registered agent, Jay M. Cashman, 549 South Street, Quincy, MA 02269.

1

## Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333 which grants jurisdiction to federal courts over Jones Act Claims where the parties are diverse.

4.     Personal jurisdiction is proper in this Court because Defendant is headquartered in the State of Massachusetts.

5.     Venue is proper in this Court because Defendant's principal place of business is in the State of Massachusetts.

## Background

6.     Joshua Johnson sustained injuries on November 15, 2021 while working for Defendant as a member of the crew of Defendant's vessel. On the day of the incident, Mr. Johnson was knocked off a tug by a new crane operator who had not been properly trained. As a result, Mr. Johnson fell from the tug into a smaller transport boat. As a result of the fall, Mr. Johnson sustained serious injuries to his leg.

## Count One - Jones Act Negligence

6.     Defendant Cashman Dredging and Marine Contracting Co., LLC is Mr. Johnson's Jones Act employer and Mr. Johnson was an able bodied seaman working on the vessel at the time of the injury. As such, Mr. Johnson is protected from the negligence of Cashman Dredging and Marine Contracting Co., LLC by the Jones Act. Mr. Johnson's injuries were a direct result of the negligence of Cashman Dredging and Marine Contracting Co., LLC who failed at each instance to observe fundamental health and safety concerns, including, but not limited to, failures in the provision and implementation of regular safety policies; failure

in its vessel crewing operations; failures in job planning and hazard assessment; failures in the provision of safe equipment; failing to provide a safe and seaworthy vessel, and failures in its hiring, training, and supervision.

7.     The negligence of Cashman Dredging and Marine Contracting Co., LLC was a proximate cause of the occurrence in question. Defendant breached its legal duties and caused damages and injuries to Mr. Johnson. Before being injured, Mr. Johnson was an able-bodied seaman. Mr. Johnson did nothing to cause or contribute to his injuries.

8.     Cashman Dredging and Marine Contracting Co., LLC controlled the vessel in operation on the date of the incident and at all material times. Cashman Dredging and Marine Contracting Co., LLC also controlled the details of the work being performed on the vessel and elsewhere by the vessel's crew and had knowledge of the incompetence of the crew. Cashman Dredging and Marine Contracting Co., LLC had the right to control and supervise the details of the procedures, equipment, devices, instructions, methods, and manner of work at all times material. Cashman Dredging and Marine Contracting Co., LLC did not use ordinary care when supervising and controlling the work, and the failure to use ordinary care was negligent and a proximate cause of the incident and Mr. Johnson's injuries.

9.     Defendant was also grossly negligent and acted with malice, as that term is understood under the law, and such conduct was a proximate cause of Mr. Johnson's injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for their callous disregard and as a deterrent to others from engaging in similar conduct. Mr. Johnson asks for punitive and

10.     Cashman Dredging and Marine Contracting Co., LLC is legally responsible to Mr. Johnson for the negligent conduct of their employees under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant's employees, were at all times material hereto an agent, ostensible agent, servant and/or employee of said Defendant, and were acting within the course and scope of such agency or employment. As a result thereof, Defendant is liable for all negligence of their employees.

## Count Two - Unseaworthiness

11.     Cashman Dredging and Marine Contracting Co., LLC is the registered owner of the vessel upon which Mr. Johnson was injured. The owner of a vessel has a duty to ensure the seaworthiness of the vessel.

12.     Cashman Dredging and Marine Contracting Co., LLC failed in its duty to provide a seaworthy vessel. Specifically, the vessel was rendered unseaworthy due to: (i) the inadequately trained and inexperienced crane operator, who was not competent to perform the tasks assigned to him, (ii) the lack of proper supervision over the crew's activities, and (iii) the failure to implement and enforce appropriate safety procedures onboard. These failings were a proximate cause of the injuries sustained by Mr. Johnson.

13.     By allowing an unqualified crane operator to work on the vessel, Cashman Dredging and Marine Contracting Co., LLC exposed the crew, including Mr. Johnson, to unnecessary risks. This decision reflected a negligent disregard for the safety of the crew and contributed directly to the incident that led to Mr. Johnson's injuries.

14.     Moreover, the company's failure to adequately supervise its crew and implement sufficient safety measures further rendered the vessel unseaworthy. Despite being aware of the

4

potential risks involved in the operation of the vessel, the company neglected to put in place effective mechanisms for identifying and managing these risks, thus creating an unsafe working environment.

15.     As a result of the aforementioned factors, the vessel was not in a condition suitable for its intended purpose on the day of the incident. Therefore, Mr. Johnson seeks damages from Cashman Dredging and Marine Contracting Co., LLC on the grounds of unseaworthiness.

## Count Three - Maintenance and Cure

16.     Mr. Johnson is a Jones Act seaman and is entitled to recover maintenance and cure while he is recovering from his injuries until he reaches maximum medical improvement. Mr. Johnson, therefore, includes in this lawsuit his legal claims for maintenance and cure, both past and future. Defendant failed to timely and properly pay maintenance and cure. As a result of Defendant's failure to provide adequate cure, Mr. Johnson suffered additional damages and, therefore, is entitled to reasonable and necessary attorney fees and costs.

17.     Further, under the authority of the U.S. Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009), Defendant's failure to pay maintenance and cure justifies punitive and exemplary damages.

## Legal Damages

18.     As a result of the incident, Mr. Johnson sustained pain and mental anguish and will likely sustain pain and mental anguish in the future. Mr. Johnson also suffered physical impairment and will likely be physically impaired in the future. Mr. Johnson has received medical treatment and has past medical expenses. Mr. Johnson will need continued medical

treatment in the future. Defendant is financially responsible for Mr. Johnson's medical treatment. The medical treatment has been reasonable and necessary both in terms of the procedures and treatments themselves and the costs associated with these treatments.

## Punitive Damages

19.     Because Defendant failed to properly provide maintenance and cure, Mr. Johnson brings a cause of action for punitive damages for gross and reckless decisions, acts, and/or omissions. Additionally, Defendant has been grossly negligent for their aforementioned failures and punitive damages should be assessed for their gross negligence.

## Pre- and Post Judgment Interest

20.     Mr. Johnson is entitled to pre-judgment interest in accordance with law and equity as part of his damages, along with post judgment interest to the extent allowed by law.

## Jury Demand & Request for Disclosure

21.     Mr. Johnson demands a trial by jury. Further, Defendant is requested to answer disclosures pursuant to Rule 26 of the Federal Rules of Civil procedure.

WHEREFORE, Mr. Johnson prays Defendant be cited to appear and answer, he recovers his damages in accordance with the evidence, he recovers costs of Court herein, he recovers attorney fees and interest, both pre- and post judgment, to which he is entitled under law, and for any other relief, general and special, legal and equitable, to which he may show himself legally entitled.

Respectfully submitted,

**Leeward Law**

/s/ *Patrick J. O'Connor*

_____

Patrick J. O'Connor (711899)
1213 Purchase Street, Unit 2-45
New Bedford, MA
(508) 296-0670

**VB Attorneys**

/s/*Brian Beckcom*

_____

Brian Beckcom
Brian@vbattoneys.com
State Bar No. 24012268
Brendan Fradkin
Brendan@vbattorneys.com
6363 Woodway Drive, Suite 400
Houston, Texas 77057
713-224-7800 713

**Attorneys For Plaintiff Joshua Johnson**