UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSHUA JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-11870-JEK |
| CASHMAN DREDGING AND MARINE CONTRACTING CO., LLC, | ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON PLAINTIFF'S MOTION FOR SPOLIATION
[Docket No. 33]

December 19, 2024

Boal, M.J.

Plaintiff Joshua Johnson moves for an order of spoliation against Defendant Cashman Dredging and Marine Contracting Co., LLC. Docket No. 33. For the following reasons, this Court denies the motion.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

A.   Facts

Johnson alleges that he injured his leg while working as a seaman for, and on a vessel belonging to, Cashman on November 15, 2021. Docket No. 1 at 2. He asserts that he was knocked off a tug by a new crane operator who had not been trained properly which resulted in him falling from the tug into a smaller transport boat. Id.

Johnson alleges that Cashman failed to investigate the incident resulting in physical

---

[1] Judge Kobick referred the motion to the undersigned on October 31, 2024. Docket No. 45.

1

evidence as well as witness observations being "irreplaceably lost." Docket No. 34 at 1. Cashman, on the other hand, asserts that it did investigate the incident immediately thereafter based on Johnson's statement that wind caused the incident. Docket No. 39 at 7-13.

B.   Procedural History

On August 16, 2023, Johnson filed suit against Cashman alleging three claims: (1) Jones Act negligence; (2) unseaworthiness; and (3) maintenance and cure. Docket No. 1 at 2-5.

On February 26, 2024, Cashman produced an incident report. Docket No. 42 at 1. On May 15, 2024, Johnson deposed Cashman's corporate representative, Erik Haruch. Docket No. 33-2 at 1. On August 16, 2024, Johnson filed the instant spoliation motion. Docket No. 33. On September 6, 2024, Cashman produced a different version of the incident report that contained additional pages and new information. Docket No. 42 at 1. Cashman then filed an opposition to the motion for spoliation on September 11, 2024. Docket No. 39. On November 14, 2024, Johnson deposed Haruch for a second time and, in particular, about the second incident report. Docket No. 49 at 4.

This Court heard oral argument on December 12, 2024.

II.   ANALYSIS

A trier of fact may infer from a party's spoliation of evidence relevant to a litigated issue that the evidence was unfavorable to that party. Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir. 2012). "[S]poliation is the intentional, negligent, or malicious destruction of relevant evidence." Gordon v. DreamWorks Animation SKG, Inc., 935 F. Supp. 2d 306, 313 (D. Mass. 2013) (citation omitted). To determine whether spoliation has occurred, the court "must first determine whether an act of destruction occurred" which requires a finding of four elements: "1) an act of destruction; 2) discoverability of the evidence; 3) intent to destroy the

2

evidence; and 4) occurrence of the act after commencement of litigation or, if before, at a time when the party was on notice that the evidence might be relevant to potential litigation." Id. (citations omitted).  "The court must also consider prejudice to the moving party, although the prejudice inquiry tends to overlap with the determination of the appropriate sanction." Id. (citations omitted).  "Fundamentally, a court's decision whether to sanction a party for allegedly spoiling or destroying evidence depends on a finding that the party had a duty to preserve the evidence in question, which it breached." Ortiz v. City of Worcester, No. 4:15-CV-40037-TSH, 2017 WL 2294285, at *2 (D. Mass. May 25, 2017) (citation omitted).

Here, Johnson seeks an order of spoliation not based on the actual destruction of evidence but on a failure-to-collect-evidence theory.  The First Circuit, however, has not endorsed such a theory for spoliation.  Rather, in Gomez, the First Circuit noted that the plaintiff in that case presented an "alternate theory of spoliation [in] that the defendant's own policy required its employees to take photographs of accidents, and that the failure to do so here evidences spoliation." Gomez, 670 F.3d at 400.  Given that there was no proof "show[ing] the existence of an established store-wide policy or custom requiring employees to take a series of specific steps when an accident occurs," the First Circuit stated that "[w]e need not reach the novel question of whether a failure to collect evidence may, in certain circumstances, be tantamount to spoliation." Id.  Johnson has not cited to, and this court is not aware of, any case in the First Circuit that has adopted the failure-to-collect-evidence theory as a basis for spoliation.

In the face of the lack of First Circuit authority, Johnson cites to cases from the Fifth and Ninth Circuit.  Docket No. 34 at 2-3.  However, in those cases there is no description of the duty to investigate, and/or there was no investigation at all, and/or there was no spoliation sanction.

Even if this Court was to endorse a failure-to-collect-evidence theory of spoliation, the

facts here do not support the use of a novel claim in this instance. Johnson claims the duty to investigate arises from admiralty law and the company's own policies. As for the admiralty law cited by Johnson, no such duty arises. Rather, those cases stand for the proposition that the lack of a shipowner-employer's reasonable investigation can provide a basis for punitive damages if the shipowner-employer chooses not to pay the maintenance and cure claim. They do not support the proposition that shipowner-employers have a duty to investigate a maintenance and cure claim. As for the company's policies, they provide that injuries should be investigated, employee and witness statements should be gathered, evidence should be preserved, and pictures taken. Docket No. 33-3 at 103-104. Here, Cashman has presented evidence that it did investigate the claim in accordance with Johnson's statements at the time as to the cause of the claim. That Johnson's theory changed does not support a spoliation claim. To the extent Johnson's argument for spoliation rests on the late production of a second version of the incident report, I do not find such production to be the basis of a spoliation order. Johnson has taken a second deposition of Cashman's Rule 30(b)(6) witness on this topic. In addition, Cashman has agreed to produce additional discovery. Docket No. 65. This additional discovery ameliorates any prejudice arising from the late produced incident report.

III. ORDER

For the foregoing reasons, this Court denies the motion for spoliation.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE